IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01062-REB-MJW

BERTHA BOURGEOIS,

     Plaintiff,

v.

ROBERT M. GATES, Secretary of the Department of Defense,[1]
DEFENSE FINANCE and ACCOUNTING SERVICE,

     Defendants.

---

## ORDER ( Docket No 14 )

---

     This is an action for redress for alleged violations of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e-16(c). The plaintiff has sought to discover

information which may be encompassed by the Privacy Act of 1974, 5 U.S.C.

§ 552a. In order to permit plaintiff to discover all information relevant to this case

without undermining the legislative purposes underlying the Privacy Act, it is hereby

ordered pursuant to 5 U.S.C. § 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil

Procedure that, whenever, in the opinion of counsel for the defendants, discovery in this

case will reveal or has revealed information which counsel has reason to believe is

---

[1]     The suit was filed against Donald Runsfeld [sic] in his official capacity as
Secretary of the Department of Defense. Mr. Rumsfeld has been replaced by Robert M. Gates.
Mr. Gates is, therefore, automatically substituted for Mr. Rumsfeld under Fed. R. Civ. P.
25(d)(1).

within the scope of the provisions of the Privacy Act, the following procedures will be followed:

1.      Counsel for defendants shall designate the information as confidential by letter mailed to plaintiff's counsel.

2.      The right of access to all discovery materials designated as confidential shall be limited to the parties; counsel of record; paralegals, consultants, or other agents acting under the direct supervision of any counsel of record, solely for the purpose of assisting counsel of record with respect to this case; or any witness endorsed by any party or any person whom counsel in good faith considers to be a potential witness, but only insofar as is necessary relative to matters pertaining to the testimony or anticipated testimony of such witness or potential witness.

3.      Except as provided herein, no person having access to materials designated as confidential under paragraph 2 of this Order shall make public disclosure of, or disclose to any other person, any such information or material, without either further Order of the Court or stipulation by the parties.  In disclosing the contents of confidential documents, as permitted by paragraph 2 above, counsel shall advise the person to whom disclosure is made of the terms of this Order.

4.      Information designated as confidential which is filed with the Court pursuant to pretrial discovery shall be served on opposing counsel and filed separately in sealed envelopes on which shall be endorsed the title of this action, and a brief

- 2 -

description of the contents of such sealed envelopes or other containers, the word "confidential," and a statement substantially in the following form:

> "This envelope, containing documents which are filed in this case by [name of party], is not to be opened nor are the contents hereof to be displayed or revealed except by order of the Court."

5.      Information designated as confidential which is endorsed or used during any trial in this matter shall be sanitized of any identifying information of any person not a party to this action, either by complete deletion or by substitution of pseudonym or similar protocol (e.g., Supervisor A, Patient 2, etc.).

6.      Any specific part or parts of the restrictions imposed by paragraphs one through five may be terminated at any time by a written stipulation of the parties hereto or by any Order of this Court for good cause shown.

7.      No party shall be obligated to challenge the confidential designation and a failure to do so in this action shall not preclude a subsequent challenge to the propriety of such designation.

8.      Within sixty days of the conclusion of all trial and appellate proceedings, all documents designated as confidential shall either be: (a) returned to the defendants; or (b) destroyed. If the documents are destroyed, counsel for each party that destroys documents designated as confidential shall submit a sworn affidavit to counsel for the other party attesting to such destruction.

This Order is without prejudice to the rights of any party to make any objection to

- 3 -

discovery permitted by the Federal Rules of Civil Procedure, or any statute or other

authority, save the Privacy Act of 1974.

DONE AND ORDERED this 23 day of October, 2007.

UNITED STATES MAGISTRATE JUDGE
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

We ask for this Order this 19th day of October, 2007.

s/ Lisa M. Covington
Lisa M. Covington
Law Office of Lisa M. Covington, P.C.
2300 W. 29th Avenue
Denver, CO  80211
(303) 284-7334

s/ Timothy B. Jafek
Troy A. Eid
United States Attorney
By: Timothy B. Jafek
Assistant U.S. Attorney
1225 17th Street, Ste. 700
Denver, Colorado 80202
(303) 454-0184

Attorney for Plaintiff

Attorneys for Defendants

- 4 -